UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEJANDRO PEREZ-CARDENAS, | ) | CASE NO. 4:23-cv-1145 |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| WARDEN T.R. SNEIZEK, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On June 7, 2023, petitioner Alejandro Perez-Cardenas ("Perez-Cardenas") filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) Respondent Warden T.R. Sneizek (the "Warden") moved to dismiss the petition for lack of subject matter jurisdiction. (Doc. No. 6.) Because Perez-Cardenas has already been released from custody, the motion to dismiss is **GRANTED**.

**I.     BACKGROUND**

When Perez-Cardenas filed his petition, he was in the custody of the Bureau of Prisons ("BOP"), serving a 120-month prison sentence after pleading guilty to a drug offense in the District of Utah. (*See* Doc. No. 1-1, at 10; Doc. No. 1-3, at 1.) In his petition, Perez-Cardenas argues that he was improperly denied certain time credits under the First Step Act, 18 U.S.C. § 3632(d), which would have reduced the length of his sentence. (*See* Doc. No. 1, at 2, 8; Doc. No. 1-1, at 10–11.) The Warden maintains that Perez-Cardenas was subject to a final order of removal because he had

previously entered the country illegally and was therefore ineligible for First Step Act credits. (Doc. No. 5, at 6–10.)

On October 4, 2024, Perez-Cardenas was released from custody. (Doc. No. 6, at 1; Doc. No. 6-1, at 2–3.)[1] The Warden subsequently moved to dismiss for lack of subject matter jurisdiction, arguing that because Perez-Cardenas "has been released from federal custody, his petition for writ of habeas corpus is moot." (Doc. No. 6, at 4.) Perez-Cardenas did not oppose or otherwise respond to the motion.

## II.   DISCUSSION

"Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings," so "it is not enough that a dispute was alive when [a petitioner's] habeas corpus petition was filed[.]" *Id.* (citation and quotation marks omitted). Thus, at all stages of litigation, a petitioner "must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Id.* Any "case that has 'lost its character as a present, live controversy'" is rendered moot. *VanderMolen v. Horn*, No. 1:24-cv-1323, 2025 WL 32927, at *1 (W.D. Mich. Jan. 6, 2025) (quoting *Hall v. Beals*, 396 U.S. 45, 48, 90 S. Ct. 200, 24 L. Ed. 2d. 214 (1969)). "When a case becomes moot under Article III, dismissal for lack of jurisdiction under Rule 12(b)(1) of

---

[1] The BOP's online inmate locator also indicates that Perez-Cardenas was released from BOP custody on October 4, 2024. (*See* https://www.bop.gov/mobile/find_inmate/byname.jsp (enter "Alejandro" for "First Name," enter "Perez-Cardenas" for "Last Name," then select "Search") (last visited Mar. 12, 2025).) The Court may take judicial notice of information contained on the BOP's online inmate locator service. *See Raglin v. Farley*, No. 4:11-cv-2146, 2012 WL 113028, at *2 n.2 (N.D. Ohio Jan. 12, 2012) (*citing Harvey v. Eichenlaub*, No. 06-cv-15375, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007)).

the Federal Rules of Civil Procedure is appropriate." *Turner v. Bolar*, No. 4:23-cv-851, 2023 WL 4490408, at *2 (N.D. Ohio July 12, 2023) (*citing Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) and *KNC Invs., LLC v. Lane's End Stallions, Inc.*, 579 F. App'x 381, 383 (6th Cir. 2014)).

Here, Perez-Cardenas's petition seeks an order directing the "Bureau of Prisons to [a]pply time-credits towards [his] sentence," thereby reducing the time he would remain in custody. (Doc. No. 1, at 2, 8.) But because Perez-Cardenas has been released from custody, no actual injury remains for which the Court could offer redress. *See, e.g.*, *VanderMolen*, 2025 WL 32927, at *2 (dismissing § 2241 petition as moot where the petitioner sought application of First Step Act credits but was subsequently released from custody); *Alexander v. Healy*, No. 4:23-cv-02384, 2024 WL 2020281, at *2 (N.D. Ohio May 7, 2024) (similar); *Turner*, 2023 WL 4490408, at *2 (finding that because the petitioner had been released from BOP custody, a "decision on the amount of federal time credit [the petitioner] should have been granted would be purely academic and would have no effect on [the petitioner's] circumstances"). Accordingly, Perez-Cardenas's habeas petition is moot and dismissal for lack of jurisdiction is required.

### III. CONCLUSION

For the reasons above, the Warden's motion to dismiss is **GRANTED** and Perez-Cardenas's petition for a writ of habeas corpus is **DISMISSED**. A certificate of appealability is not needed to appeal the dismissal of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS SO ORDERED**.

Dated: March 12, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**